NOT FOR PUBLICATION                                        [Docket No. 75]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SARA ANN EDMONDSON, <br><br>    Plaintiff, <br><br>    v. <br><br> LILLISTON FORD, INC. et al., <br><br>    Defendants. | Civil No. 13-7704 (RMB/JS) <br><br> **OPINION** |

APPEARANCES:

Sara Ann Edmondson
71 Rainbow Trail
Pittsgrove, NJ 08318
     *Pro Se Plaintiff*

David M. DeClement
P.O. Box 217
Pitman, NJ 08071
     *Attorney for Defendants*

**BUMB**, UNITED STATES DISTRICT JUDGE:

   This matter comes before the Court upon Plaintiff Sara Anna Edmondson's Motion to Disqualify pursuant to 28 U.S.C. § 455(a) and § 455(b)(1) [Docket No. 75].  In addition to seeking the disqualification of this Court, the Plaintiff identifies provisions of the Consumer Arbitration Rules of the American Arbitration Association ("AAA") that purportedly support the Plaintiff's position that any disputes between the parties must be arbitrated by the AAA, not merely in accordance with the

AAA's rules. For the following reasons, the Court will deny the motion to disqualify, but also construe it as a motion for reconsideration of its February 18, 2016 Order [Docket No. 74].

I.  **Motion to Disqualify**

This is the Plaintiff's fourth motion to recuse or disqualify this Court [Docket Nos. 32, 49, 51, 75]. The Court denied each of the previous motions as meritless [Docket Nos. 36, 61]. A pattern has clearly emerged in this litigation. When the Plaintiff is displeased with the Court's actions or rulings, she moves to recuse or disqualify this Court due to alleged bias.

In denying the Plaintiff's first motion to recuse in March 2014, this Court held that "adverse rulings alone are almost never proper grounds for recusal, and this Court's rulings are no exception." March 26, 2014 Memorandum Order at 6-7 [Docket No. 36]. Rulings and orders "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." United States v. Wecht, 484 F.3d 194, 218 (3d Cir. 2007) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)). Additionally, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not

2

constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." <u>Liteky</u>, 510 U.S. at 555.  As before, the Plaintiff's allegations of bias or prejudice in her motion to disqualify are baseless.  Accordingly, the Plaintiff's motion to disqualify is denied.

**II.  Motion for Reconsideration of the February 18, 2016 Order**

The Court, however, construes the Plaintiff's motion as a motion for reconsideration of its February 18, 2016 Order directing the parties to select an arbitrator by March 10, 2016 [Docket No. 74] under Local Rule 7.1(i).  The Plaintiff has identified specific provisions of the AAA's Consumer Arbitration Rules that she contends support her position that, under the governing contract, the arbitration of the parties' disputes must be both in accordance with the AAA's Rules and conducted by the AAA.

The Court notes that the language of these Rules was not presented or even alluded to by either party during oral argument on January 27, 2016.  The Court further notes that it has been hampered throughout this litigation by the parties' inability or, perhaps, unwillingness to assist the Court.  The parties focus instead on attacking each other, leaving the Court to decipher the relevant facts and law unaided and in a piecemeal fashion.  Furthermore, the parties' actions and

3

inactions over the past several months confirm the Court's concern that it is unable to rely on either party's representations of the facts or law.

In her affidavit attached to the Motion to Disqualify, the Plaintiff quotes language from what appears to be commentary to Rule R-1 of the Consumer Arbitration Rules in support of her position.  While this particular language is not dispositive, a closer reading of the Consumer Arbitration Rules as a whole indicates that, where a contract calls for arbitration in accordance with the AAA's Rules, the parties also consent to arbitration conducted by the AAA.  Specifically, the AAA's Consumer Arbitration Rules state: "Arbitrations administered under these Rules shall only be administered by the AAA or by an individual or organization authorized by the AAA to do so."  AAA Consumer Arbitration Rule R-1(b), available at www.adr.org/consumer.  The Rules further provide that "[w]hen the consumer and the business agree to arbitrate under these Rules or other AAA rules . . . , the parties also agree that the AAA will administer the arbitration."  Id. at R-13.

The AAA Consumer Arbitration Rules also address the costs of arbitration and set forth who is required to pay such costs. Id. at R-4; pp. 33-46 (Costs of Arbitration).  The Costs of Arbitration section limits the consumer's costs to the $200 filing fee.  The remaining costs are to be paid by the business

4

and vary according to whether a hearing is required and, if so, whether the hearing is telephonic or in-person and how many arbitrators are involved.  Id. at p. 33 (Costs of Arbitration). The Rules make clear that, aside from the $200 filing fee, the business is required to pay the costs of arbitration.

In light of these Rules, the Court will reconsider and vacate its February 18, 2016 Order [Docket No. 74].  The Defendants shall show cause on or before March 10, 2016 why the contract between the parties does not require the parties to submit their disputes to arbitration conducted by the AAA or by an individual or organization authorized by the AAA and the Defendants to pay the costs associated with the arbitration as set forth in the Consumer Arbitration Rules.  In the event that the Defendants fail to do so, or the Court is not persuaded by the Defendants' submission, which is likely, the Court intends to order the parties to arbitrate their disputes in accordance with the Consumer Arbitration Rules, including the Costs of Arbitration provisions, in an arbitration administered by the AAA.  The Court notes that the parties failed to comply with this Court's previous Order compelling arbitration [Docket No. 61].  The Court does not tolerate non-compliance with its Orders and anticipates full compliance with this Opinion and the accompanying Order, as well as any and all future Orders.  The

Court will not hesitate to consider the full range of appropriate sanctions in the event of future non-compliance.

### III. Conclusion

For the reasons set forth above, the Plaintiff's Motion to Disqualify [Docket No. 75] is denied.  Additionally, the Court construes the Plaintiff's Motion to Disqualify as a motion for reconsideration, under Local Rule 7.1(i), given the issues raised in the Plaintiff's affidavit.  The Court will reconsider and vacate its February 18, 2016 Order.  On or before March 10, 2016, the Defendants shall show cause why the governing contract does not compel arbitration administered by the AAA in accordance with the AAA's Consumer Arbitration Rules.  An appropriate Order shall issue on this date.

                                    s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    UNITED STATES DISTRICT JUDGE

Dated: March 3, 2016